## Doe *vs.* Green and others.

If the name of a counsellor, other than the solicitor in the cause, is signed to the pleadings, the charge for perusing and amending the same should be allowed on taxation, unless the party objecting shows affirmatively that the name of the counsel was improperly placed there.

It is the duty of counsel to peruse and examine the pleadings before they sign them; and they are personally liable, if such pleadings contain scandalous or impertinent matter.

The solicitor is guilty of a misdemeanor, if he puts the name of a counsellor to a pleading without his knowledge and consent.

A second fee is allowed to counsel for perusing and amending a supplemental bill, or bill of revivor, when such bill becomes necessary; but not for perusing and signing an amended bill.

Where an amended bill was filed by the agreement of the parties, embracing all the facts in the case, and as a substitute for the previous bill and answers to save expense, the complainant, on taxation, was allowed for counsel perusing and amending the same, and for the usual engrossments and copies.

On an ex parte hearing, upon a bill taken as confessed, the solicitor is not entitled to an attendance fee. But where there is an actual attendance and argument with the counsel of the adverse party, to settle important questions arising on the bill, an attendance fee for the solicitor and a full counsel fee are taxable.

The statement of the nature and object of the suit, to be filed in the county clerk's office, is not a notice within the meaning of the fee bill; and is to be taxed by the folio for the draft and engrossment.

Notices served on the defendants in mortgage cases, under the 133d rule are specifically provided for in the fee bill; and only 37 1-2 cents can be taxed for each notice, including copy and service.

Where the injunction is allowed by the chancellor, it is an act of the court, and the charge for filing the certificate of the allowance is not taxable.

Notice to the register to set down the cause is not a proper charge under the present practice. The notice of the issue is the only one now taxable.

No charge for notices, which are not required by the rules or practice of the court, can be allowed on taxation.

Notice to the register to enter a decree or order is not a proper charge, as the solicitor is allowed for attending in person.

A charge for an engrossment, or copies of an order or decree to be entered, is improper, as it is to be entered from the draft after it is settled by the court or register.

The complainant cannot charge for a copy of a decree for the adverse party, unless in cases where the service of such decree on him is necessary.

Service of a summons upon the defendant to attend the master on the reference is all that is requisite, and an additional notice for that purpose cannot be allowed.

**1831.**

**Doe**
**v.**
**Green.**

No allowance can be made on taxation, as between party and party, for the personal expenses of the parties or their witnesses, or of the officers of the court, as disbursements in a cause.

Where a specific allowance is provided in the fee-bill for the performance of any service by an officer of the court no additional charge, by way of disbursement in the performance of such service, can be taxed in favor of such officer or any other person.

If a party insists upon items in his bill which are not legally taxable, he will be charged with the expense of an appeal from the taxation, as to such items. But if the adverse party appeals to to the court against the taxation of other items also, which were properly allowed, each party may be left to to bear his own costs, on the application for a re-taxation.

**March 1st.**

THIS was an application, on the part of the solicitor of the defendant Green, for a re-taxation of the costs of the complainant. On the taxation before the master, various objections were made to particular items in the bill, on the ground that the services charged were useless or unnecessary. As to many other items, it was objected that the services had never in fact been performed; and evidence of the actual performance of such services was required. The complainant's solicitor put in his own affidavit before the taxing officer, stating his belief that the folios were correctly charged, and that the disbursements charged in the bill had actually been made; but the affidavit omitted to state that the services charged had been actually performed.

*E. H. Kimball*, for the complainant.

*J. Ellsworth*, for the defendants.

THE CHANCELLOR. As almost every item in this bill of costs was objected to, either on the ground that the service had not been performed or was unnecessary, or that the folios were overcharged, it may be necessary to examine the items objected to in detail.

The first objection relates to the charge for a retaining fee for counsel, and for counsel perusing and signing the bill, decree, &c. It appeared by the affidavit of Doe, which was produced before the taxing officer, that counsel, other than the solicitor in the cause, was actually employed. And the name of such counsel was subscribed to the bill, and to such of the subsequent proceedings as by the practice of the court

required the signature of counsel. It would be a misde-
meanor for any solicitor to put the name of a counsellor to a
bill or other pleading without his knowledge and consent.
And in *Whitlock* v. *Marriot*, (2 Rep. in Ch. 386,) the solici-
tor for a defendant was ordered to pay £20 costs, for putting
the name of counsel to an answer without his consent ; and
to be committed to the fleet until the same was paid. The
fact, therefore, that the pleading is signed with the name of
such counsel, is at least prima facie evidence of itself that he
has perused and signed the same. If the bill or other plead-
ing contains scandalous or impertinent matter, the counsel
whose name is affixed thereto, subjects himself to the pay-
ment of costs to the adverse party, as well as to the cen-
sure of the court. ( *Emerson* v. *Dallison*, 1 Rep. in Ch. 194.)
He may even be stricken off the rolls if such offences are
repeated and continued. It is not therefore to be presumed
that he has affixed his name to the pleading, or suffered it to
be done by another without perusing such pleading, and.
knowing what is contained therein. To justify the taxing
officer in rejecting a charge for counsel perusing and signing
the pleading where the name of counsel is subscribed there-
to, the party making the objection is bound to shew affirma-
atively that the name of the counsel has been improperly pla-
ed there, and without authority.

In ordinary cases, the bill and the amendments thereto
form but one record, and counsel are not entitled to a se-
cond fee for perusing an amendment. But where a supple-
mental bill or a bill of revivor is filed, the counsel is entitled
to charge for perusing and signing the same ; to be taxed
against his own client, or as costs in the cause, according to
circumstances, and as such service shall appear to have
been rendered necessary by the act or neglect of the client,
or otherwise. But in this case the amended bill appears to
have been filed in consequence of an agreement between the
parties, and as a substitute for the former bill and answers,
to save expense. Under the particular circumstances dis-
closed, the charge for perusing and signing this second bill
was properly allowed by the taxing officer. For the same
reason, the charges for a new engrossment of the whole
bill, including the amendments, and full copies of the same

for the solicitors of the respective defendants, were properly allowed.

The amended bill being substituted for the original pleadings, and taken pro confesso by consent of the parties, as to all subsequent proceedings it is to be treated as an original bill taken as confessed, and as if no answers ever had been put in to the first bill. Such was in fact the decision of the court on the hearing of the cause. As to any costs which have accrued since the filing of this amended bill, they must be taxed at the usual rates of allowance upon the bill taken as confessed. But as there were important questions in controversy arising upon the bill itself, which was in the nature of a statement of the facts agreed upon by the parties, I think the complainant should be allowed for the copy of the bill which was actually made and furnished to the chancellor on the hearing, to enable him to settle the several questions of law and equity arising thereon.

On a decree of course upon an ex parte hearing, where the bill has been taken as confessed, the solicitor is not entitled to the fee of $5, for attending the court of chancery upon the hearing, although he actually attends with the counsel employed to argue the cause ex parte. The remarks of Chancellor Kent upon this item in the fee bill of 1818, show that the allowance was intended to be confined to cases where the solicitor not only actually attended, but where there was an actual argument of the cause with the counsel for the adverse party ; or, at the least, where the solicitor and counsel for the complainant appeared at the hearing, under a belief that there was to be an actual argument of the case with the adverse party. But even under this construction of the fee bill, the complainant is entitled to the solicitor's fee, and to the counsel fee on the hearing. The cause was actually argued on the merits by counsel for all the defendants who appeared in the cause ; and important questions were litigated and submitted to the decision of the court ; although the amended bill, which stated all the facts truly, was taken as confessed, to save expense. It was therefore such an argument as is provided for in the last clause of the 14th section of the present fee bill, (2 R. S. 630,) and not a

mere evasion to take it out of the operation of the preceding clause of that section.

The charge for subpœna and copies was improperly allowed at three folios. The subpœna can never exceed two folios, unless there are at least thirty parties in the cause. The taxing officer must have allowed the three folios in this case through mere inadvertence. Some precipæs were also allowed, in the same manner, on proceedings since the revised statutes went into operation.

The bill had a double aspect; either to foreclose the mortgage against the lot which Beekman alleged was intended to be conveyed, or to obtain the benefit of the covenants of warranty in relation to that which had been recovered from Green by the ejectment suit. The complainant had probable cause for making the judgment creditors of Green defendants. He is therefore entitled to charge for the statement of the *lis pendens* to be filed in the clerk's office, and for a notice to each of the defendants, against whom he made no personal claim, agreeably to the 133d rule. But he is not to be allowed for such a notice to be served either on Beekman or the mortgagor against whom he claimed a personal decree in this case. The statement which is filed in the clerk's office is to be drawn and engrossed, and does not come within the specific provision in the fee bill, allowing 37½ cents for a notice, including copy and service. The notice to be served on the defendants in the cause is a " notice actually served," and therefore is within that specific provision. Although the solicitor will be very inadequately conpensated for drawing and serving the notices in this particular case, it will be made up to him in the drawing and serving of many other notices in the cause, where the allowance will be found an ample compensation for the service rendered. And as these notices are served with the subpœna, the actual expense of serving them will usually be no greater than the service of the subpœna alone. There does not appear to have been any evidence before the taxing officer that these notices were in fact given; and the affidavits of the service of the subpœnas do not appear on the files of the court, although the taxing officer has allowed for filing them.

.The injunction was allowed by the late chancellor in person; which was sufficient evidence to the taxing officer that it was necessary and proper; especially as it was never dissolved. The charges connected therewith were therefore all properly taxed, except the one for "filing the certificate of allowance." This is only proper when the order is obtained on the certificate of a vice chancellor, or of an injunction master, under the 30th rule. Every special order for an injunction, made by the chancellor, is presumed to be done in open court when the register is present to enter the order as directed. The only legal evidence of the official acts of the chancellor is the order or decree entered in the minutes of the court; although he frequently endorses his allocatur upon an order, to save the officer of the court the trouble of appearing in person before him to take down his instructions for the entry thereof.

The master has improperly allowed for a notice to set down the cause, and also for a notice of the issue. This is a double charge and both cannot be allowed. The notice to place the cause on the calendar states the time of joining the issue and the class to which the cause belongs. The notice of the issue and service, and entering the cause on the calendar, are the only proper charges since the order for setting down the cause has been abolished. The taxing officers should only tax such notices as are necessary in the progress of a cause, and which are required to be given by the rules and practice of the court; and should disallow the charge for all such as are given unnecessarily and for no other purpose than to swell a bill of costs.

The charge for engrossing or copy of an order or decree to be entered in the minutes of the court is not taxable. When the draft of the decree or order has been allowed and settled by the court, or register, it is to be entered in the minutes from such draft; which is not filed as a record but merely as a memorandum of the decree which is to be entered. The engrossment is useless, and is never in fact made. The notice to the register to enter the decree must also be disallowed, as the solicitor is allowed for attending the register with the draft to have the same settled and entered.

The copies of the decree for the solicitors of the adverse parties, and service with notice, do not appear to be proper charges, and should not have been allowed without some evidence of the necessity of such a proceeding. The service of the summons to appear before the master was all the notice of the decree which was requisite ; and if either of the defendants desired a copy of the decree, it was his duty to procure it for himself. It is not a proper charge against the fund, in which their rights were not the same. The notices to the defendants to appear on the reference, cannot be allowed as it produces a double charge. No other notice than the service of the summons was necessary.

The charge as originally made for the master's attending and settling his report after argument, was the proper allowance, if neither of the defendants' counsel appeared to litigate it at that time ; but if both parties appeared to litigate the correctness of his report, he is entitled to three dollars instead of one which was first charged. The notice to the register to enrol the decree, is twice charged ; and the draft of the bill of costs and copy for the solicitor's own use must also be disallowed. The register's fees for receiving and paying out the money should not have been included in the complainant's bill, as that is always deducted by him from the fund. As the fee for paying out the money was not, in fact, deducted in this case, that item may be retained. The charges for docketing decree, copies for clerks and postage, certificate of enrolment, and fi. fa. for the residue, must all be disallowed, as the services have not been performed. They could not be necessary, as the fund in court exceeded the amount of the complainant's demand.

The charge for expenses in going to Albany to procure the exemplification of the judgment in the supreme court must also be disallowed. The clerk's fees and postage are all that was properly taxable as a necessary disbursement in the cause. Charges for stage fare and other personal expenses of parties, witnesses or officers of the court, cannot be taxed as disbursements between party and party, though they may sometimes be allowed, under peculiar circumstances, as between solicitor and client. No allowance by

way of disbursement can be made for the performance of any service, for which a provision is made, in the fee bill, of any officer of the court. Where the service may be performed either by an officer of the court or by another person, the latter is to be allowed for the service at the same rate which is allowed by the fee bill to the officer of the court.

. The complainant's costs must be retaxed on these principles ; and the taxing master must not allow for the drawing or entering any order, or filing any paper, if the same has not been actually entered or filed, nor for any other service which has not actually been performed. The statute is explicit on this subject, and as the defendant's counsel made the objection distinctly to most of the items in this bill, the provisions of the statute must be literally complied with. As the parties have been nearly equally successful in the allowance and disallowance of items which were deemed objectionable by the defendant, on this appeal from the decisions of the taxing officer, neither party is to be allowed any costs as against the other on this application, or on the retaxation. If a party insists upon having items included in his bill which are not legally taxable, he will be charged with the expense of an application to the court for a retaxation. But if the adverse party wishes to obtain costs upon such application, he must not object to items against which no reasonable grounds can be urged. If the court is unnecessarily compelled to examine all the items of a long bill of costs, and decide upon the correctness of the allowance of each, the appellant who only succeeds as to part of his objections will not be allowed the costs of his appeal, and order for retaxation.

The residue of the fund in court in this case, together with the amount deducted from the complainant's costs on retaxation, must be paid over to the solicitor of the defendant Green, to be disposed of as his assignees shall direct.